Note Changes Made By Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST,

  Plaintiffs,

vs.

DIAMOND STREET SWEEPERS, a California partnership, and WILLIAM HOLLIDAY and ROBERT REDDELL, individually and as partners doing business as "DIAMOND STREET SWEEPERS,"

  Defendants.

CASE NO.:  CV 07-08394 GAF (CWx)

Assigned to the Honorable Gary A. Feess, United States District Judge

[Proposed] JUDGMENT

On January 26, 2009, this action came on regularly for hearing, before the above-entitled Court, on Plaintiffs' motion for summary judgment. J. Paul Moorhead of Laquer, Urban, Clifford & Hodge LLP appeared as counsel for Plaintiffs. Robert A. Bartosh of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez APC appeared as attorney for defendants Diamond Street Sweepers, a California partnership, and William Holliday, an individual and partner of Diamond Street

Sweepers. Defendant Robert Reddell, and individual and partner of Diamond Street Sweepers, has failed to respond to the complaint in this action and on October 8, 2008, Mr. Reddell's default was entered by the court.

On January 26, 2009, this Court issued an Order granting Plaintiffs' motion for summary judgment, and awarding the Plaintiffs attorneys' fees and court costs, subject to the Court's review and approval of Plaintiffs' offer of proof.

On March 9, 2009, this action came on regularly for hearing, before the above-entitled Court, on Plaintiffs' motion for an award of attorneys' fees and court costs.

Having fully considered all briefs, arguments, evidence and other matters presented, the Court finds that there is no disputed issue of material fact remaining for trial and concludes that Plaintiffs are entitled to judgment as a matter of law, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust, shall recover from defendants Diamond Street Sweepers, William Holliday, and Robert Reddell, jointly and severally, the principal amount of $123,627.71, plus attorney's fees of ~~$34,466.00~~ $31,174.50, and court costs of $2,446.51, together with post-judgment interest as provided by law.

Additionally, pursuant to 29 U.S.C. § 1132(g)(2)(E), defendants Diamond Street Sweepers, William Holliday, and Robert Reddell are hereby ordered to produce the following documents to the plaintiffs:

1. Original individual employee time cards and/or compensation records maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

2. Original weekly payroll records maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

3. Original taxpayer's copy of Quarterly Federal Tax Returns (Form 941) maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

4. Original taxpayer's copy of all Federal Form W-2 Statements to Employees maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

5. Original taxpayer's copy of all Federal Form W-3 Reconciliation of Income Tax Withheld and Transmittal of W-2 Forms maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

6. Original taxpayer's copy of all Federal Form 1099 Miscellaneous Income Statements maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

7. Original taxpayer's copy of all Federal Form 1096 Reconciliation and Transmittal of 1099 Forms maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

8. Original taxpayer's copy of all Quarterly State of California Tax Returns (From DE-6) maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

9. Original cash disbursement journals or check registers maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

10. Federal income tax returns maintained by Diamond Street Sweepers for the years 2000 through 2007.

11. All job logs, diaries or foreman reports maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

12. All job tickets, billings or invoices maintained by Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

///
///

13. All employee hour summaries prepared by or on behalf of any employees working for Diamond Street Sweepers during the period of April 18, 2000 through December 29, 2007.

14. All cancelled checks drawn on any account and all monthly statements thereof established in the name of Diamond Street Sweepers from April 18, 2000 through December 29, 2007.

15. Copies of all documents submitted by Diamond Street Sweepers to any general contractor or public contracting agency, including but not limited to all certified payrolls for public projects, which documents show the name, type of work, number of hours of work and specific jobsite location with regard to each employee of Diamond Street Sweepers who performed work for said contractor or contracting company for the period of April 18, 2000 through December 29, 2007.

16. All monthly fringe benefit reports to any trust fund other than plaintiffs' for reporting hours and fringe benefits on employees of Diamond Street Sweepers during the period of April 18, 2000 through December 29, 2007.

17. All job or project lists or charts prepared or used by Diamond Street Sweepers for the time period of April 18, 2000 through December 29, 2007.

DATED: March 9, 2009

UNITED STATES DISTRICT JUDGE

-4-

Judgment

180165.1